All right, be seated, please. First case this morning will be NCO Financial v. Montgomery Park. And, Mr. Nichols, we'll hear from you. Good morning, and may it please the Court. I'm Steve Nichols here on behalf of the appellate, NCO Financial Systems. Your Honor, you all have seen this case before. Hopefully, it will be the last time that we're here. Well, you know, you bring that point up. And I must say, I was a lawyer for quite a while. I did commercial cases just like these. And you guys have been going at it for, what, over 10 years? I have to say it's over 14. And you've been up here, this is the fifth time. And this is a total commercial dispute. Somebody should have settled this way back. We shouldn't be spending all this money, one side or the other. I mean, the stakes have gotten larger and larger. And it's just an economic issue. We're not talking about what happened. It sounds to me like somebody got angry and emotions got into the case. And somebody's trying to show this. But here we are after all these years and five times up and a bunch of litigation, and now we have an attorney's fees case. That's right, Your Honor. You have said it, and I couldn't disagree with anything you say. And obviously... If I were a district court judge, though, you would have never gotten past the third day. We would have locked the three of us in the room, and we would have figured it out and settled it for something that would have saved everybody money, except the attorneys. Well, you were a district court judge at one time, Your Honor. But unfortunately, you got promoted. I withdraw my nonsense. Go ahead. Your Honor, the question here is whether or not the district court erred by awarding attorney's fees in this case. Did Montgomery Park comply with the conditions in the party's lease for the recovery of attorney's fees? Our answer is that under the plain terms of this lease, that answer is no. Under Section 1404... I'm sorry, can I just... I just want to make sure I understand why it matters. I understand your argument that they didn't comply strictly with this demand letter. If they sent a letter today to the right address, I mean, is this just about the interest? Do you concede that if they sent a letter today to the address that was listed in the definition of demand, then they could start incurring attorney's fees? Your Honor, I think to answer your question, I would imagine that there could be a statute of limitations problem at this point, at least for attorney's fees that were incurred prior to, let's say, the last three years. How do we handle the fact that in their complaint they demanded attorney's fees? I'll get to that, too. It's not a demand. Demand is a defined term under the lease. I understand demand, but you cannot demand attorney's fees when the amount of attorney's fees when the attorney's fees haven't collected. The provision, basically, is a provision saying that you're going to owe attorney's fees in giving effect to this, enforcing this agreement. They said they basically asked for the agreement to be enforced according to its terms, which included the payment of attorney's fees. But you don't demand attorney's fees, undetermined attorney's fees. It's clear from the beginning they wanted attorney's fees. Your Honor, it might have been clear that that's what they would like to see happen, but what a landlord wants to see happen and what it is owed is determined by the plain language of the lease. We're going to go through that really quickly. Under Section 1404C, after an event of default, the tenant remains liable for all reasonable costs and expenses incurred by the landlord, including but not limited to attorney's fees. But those amounts are only due and payable upon demand by the landlord with the understanding that periodic rent comes due on the first day of the month. So this works differently than periodic rent does. It bears default interest until pay. So nothing in the lease purports to require my client to pay the attorney's fees in the absence of a demand. They made a demand in the complaint. Did you file an affirmative defense or any defense saying that they're not entitled to attorney's fees? I don't believe that happened. I know it didn't happen. And then you did discovery on attorney's fees all the way out without protest. Your Honor, we did not object to this. And then there was a motion for attorney's fees. That was a demand, too, wasn't it? Well, Your Honor, at that point, no, it was not a demand because it did not comply with all the requirements of the lease. We opposed that motion precisely for the same reasons that we're here today, because they had not complied with the requirements of the lease. Not only do you have to have a demand, they have to, because they have to be, they're not payable until 30 days after they've been billed. So you've got the concept of a demand and a concept of bill. What, and by the way, a demand. How can you bill them before they're incurred? You have to bill them as they are incurred. That is the short answer. It doesn't say as incurred. I mean, that would mean, under your reading, it would mean every month they send a bill. It wouldn't have to be every month. It would have to be only so long as to comply with the statute of limitations. I don't understand. In other words, the lawsuit files and demands attorney's fees, and you say the statute of limitations requires demand letters every month? Because, Your Honor, you can ask for attorney's fees in a complaint, but that doesn't make them due. There has to be an underlying statutory contract. They're due because of the contract. The contract requires, as if there's an enforcement effort, requires you to pay attorney's fees. That's not what it says. It does not say if there is a lawsuit between the parties, the prevailing party gets the attorney's fees, or the landlord shall be entitled to attorney's fees. You just read the provision. It said you have to pay costs and fees, including attorney's fees. Upon demand. Upon demand, which did not occur. Upon demand, which did not occur. Can I ask you a question? Because I have trouble making sense of this provision, and I'm guessing it's unusual to have the fees mixed in with the rent, because it starts by saying the tenant shall remain liable, but it's not like the tenant was liable before. Is this an unusual provision? The remain liable makes sense as to rent. Even if you no longer are here, you're going to remain liable on your rent. But I don't understand how you remain liable for attorney's fees if you weren't already liable for attorney's fees. Well, it then goes on to say all such amounts shall be due and handled. I understand your argument. I'm just asking. It really doesn't amount to anything, but is this an unusual provision in your experience, and I'll ask your colleague this too, to have a paragraph that is mostly about rent damages and then also includes attorney's fees? Your Honor, it is, but you have to recall that this is an attorney's fee provision that occurs in a real property lease. What they wanted to do was they wanted to make attorney's fees due and payable the same way that you could collect things like can fees and real estate taxes and other past fees, where you simply send the bill to the tenant and they have a certain amount of time to pay. And if they don't pay, bear in mind we're talking about a situation where there's no litigation at all between them. They just have failed to pay some amount that's due. After they fail to pay the amount that it's due, at that point it's default interest. Do you know what date the default, I couldn't figure out from the affidavit, what date Montgomery Park was using as the starting point for its default interest? Do you know what the date is? I don't know. The default notice was issued on July 2011. So are you assuming that the interest dates back until then? I'm certain it does. Then you do know. I don't understand why you're saying you don't know. I don't know the exact date, but it goes back. To the purported notice. Your understanding is that they are asking for default interest from the date of the attorney's fee bill. I'm talking about the bill from their lawyers to Montgomery Park. When did that come? That would have been sometime in 2011. Opposing counsel would know better than I. These fees go back. There are bills that go back to that date. NCO started this lawsuit by suing them in February of 2011. The July 2011 default notice is the first default notice that I've ever seen. Presumably that's the time where the fees were starting to be billed. I guess there would have been some fees before then if the lawsuit was in February 2011. But it's in that time frame. It's 14 or so years ago. But the point is, Your Honor, these provisions are very unusual. But they wanted to be able to collect attorney's fees the same way they collect a CAM fee or the same way they collect a real estate tax pass through. But in order to do that, they had to comply with the requirements of the lease. They simply didn't do it. Even this July 2011 default notice, it couldn't be a bill or a demand because it doesn't tell my client the amount that it would have to pay in order to escape liability for the attorney's fees. Let me ask you this. How do we construe a clause that says that tenant shall remain liable for all reasonable cost fees and expenses incurred by landlord in pursuit of its remedies here under? Very simple, Your Honor. The expenses are incurred for 10 years thereafter here under. And you want us to have a demand letter with respect to each attorney's fee thereafter incurred? I would concede that the demand would only need to be so often to comply with the statute of limitations. So over the course of this litigation, there would have need to have been. Why doesn't the lawsuit trigger when the lawsuit is filed and it demands attorney's fees? Why doesn't that trigger? That's a claim for attorney's fees. That's not a demand that complies with requirements. Why not? Because it wasn't delivered to the lease. It doesn't. It was served on the party, which is even better notice than the notice given in the lease. Well, that's it's not what the lease said. But not only that, but to say I hereby demand it doesn't tell the client what it has to pay in order to. It's the amount is the amounts incurred in enforcing the remedies. That's an ongoing obligation which cannot be determined until the fees are incurred. Every time the fees weren't incurred, the fees weren't incurred until the matter was over. The enforced the remedies. I mean, that's what the district court concluded, right? I the district courts. I don't believe that there's a whole lot of explanation from the district court of exactly why the district court said, well, we don't need any magic words. It's your honor. It's obvious that there is there is an attempt in the lease to provide a method to the landlord for collecting attorney's fees. You're essentially arguing on the flip side that there because there wasn't a demand for future attorney's fees that had not yet been incurred in accordance with the demand for rent that they have therefore waived all claim for attorney's fees. That is exactly right. And that is the result that is required in the lease under the default notice that was issued. They didn't say we we have incurred X amount of attorney's fees and they are now due. And if you don't want to incur default interest, you've got to you've got to pay X amount. They didn't. All they did is said, you know, we're entitled to attorney's fees under the lease. Well, yes, you are theoretically, but you have to comply with the requirements of the lease. And that didn't occur. Now, your honor, I think that one of the issues here that may be concerning the court is simply, well, there's this convoluted procedure here whereby you make the attorney's fees come due and it doesn't really seem it seems to be very difficult to enforce. After all, what do you do with future attorney's fees and et cetera? And the answer is this complex procedure where you make a demand, you tell them how much they have to pay and that could have been done periodically throughout this litigation, your honor, and filing reports with the court. Whatever you want to say, it certainly alerted us to the amount of the attorney's fees in some way, but it did not follow the conditions set forth in the lease. Those are a condition precedent. Why do I say that? In Maryland and Chesapeake Bank of Maryland v. Monroe Muffler, 891A2nd 384, a condition precedent is defined as a condition precedent is an event not certain to occur which must occur unless its non-occurrence is excused before performance under a contract is due. We don't have to speculate about what needed to occur before attorney's fees under this contract were due. Section 1404C says they are due and payable upon demand by the landlord. The landlord has to, they incur default interest 30 days after they are billed. That demand, the requirement of a billing, is a requirement that my client be told the amount of attorney's fees it needs to pay and that they are demanding to be paid or else they're going to be liable. That's what has to occur before it is due. By definition, because they're defining what has to occur before attorney's fees are due, it has to be a condition precedent under Maryland law. I'm out of my initial time right now. Thank you, Mr. Baker. Mr. McCann. May it please the court. Jack McCann on behalf of the appellee, Montgomery Park. I will first address the question raised in the appeal as to whether or not we're contractually entitled to the fees and expenses incurred in the case. My colleague, Mr. Goldberg, will then address the other issues on appeal, whether NCO waived the argument that it's currently making or is stopped from making that argument, whether Montgomery Park is entitled to all of the fees, not just those allocable to the counterclaim, and whether or not Montgomery Park is entitled to its expert fees. As to the first issue, NCO argues that we're entitled to recover none of our fees because we did not make a demand and we did not bill for those fees. That argument misreads the operative terms of the lease. As properly held by Judge Russell, Montgomery Park made the only demand that it had to make, and that demand on July 13, 2011 was a demand that they cure the default, which was a default of a failure to pay base rent. And upon that event of default, Section 14.04 triggers the obligation, a remedial obligation, not a rent obligation, to pay three types of damages. The second argument that they're making is not only do we have to demand it, but we had to bill it. And that is absolutely not what the lease says because you bill rent and the attorney's fees are not rent under the lease. Now, to analyze this, I think to answer your question, Judge Harris, let's look at just... I'm sorry, which question are you answering? To answer your question about how should we read 14.04 and is it unusual. It is not an unusual provision. Section 14.04a says, and remember they're mixing and they're conflating Article 2 rent with Article 14, which is remedies upon a default for a failure to pay rent. In Article 14, we're talking about damages for an event of default. And it says, upon an event of default, the defendant shall remain liable for three types of damages. All rent, as defined in the lease, which may become due, or due for the remaining term, and all reasonable costs and expenses incurred by the landlord in the pursuit of the remedies. So when did you date this obligation to? When did you start charging interest? So the interest is charged from the date of the notice of default. So from July 2001. In other words, that's the triggering date, because that's the event of default. But isn't that weird to say, like, you're already late, so I'm going to start charging interest, but if I got this notice, I couldn't pay. There's no amount, and so you're... Let me rephrase. Because do people mostly get pre-judgment interest on attorney's fees? I was not familiar with that. Let me clarify. The triggering date for all of the remedies is when we sent the five-day demand letter and they did not pay the base rent within the five days. Upon the triggering event, they were continuously liable for the attorney's fees as they were incurred over time. The interest on the incurred fees over time is when my client paid the bill. And all of these calculations were presented to the district court, and the interest was calculated at the default rate from the date that Montgomery Park paid each individual attorney's fees. But what's important is the demand that had to be made was the demand to cure the default. And there's no obligation that my client had to... We're litigating the case. We would have to send our attorney's fees bills to the other side every time we sent a bill to our own client. And the reason we know that we did not have an obligation to bill it is because the attorney's fees provision, unlike A and B... I'm sorry. The Section 1404, rent is A and B. C is not rent. C is... I understand that. Oh, I'm sorry, Your Honor. Thank you. I'm just really struggling with all such amounts shall be due and payable immediately upon demand by landlord. And if the demand is in July 2011, how can that be a demand if you can't possibly pay attorney's fees yet? Because the demand as it relates to... If you look at A, the rent that has been due or becomes due over time, that's because rent becomes due under the contract. Yeah, right. I totally get how everything makes sense about this provision except the part where it applies to attorney's fees because how can they be due and payable on July 2011? You're telling me the demand was July 2011 and I just don't understand how can the amounts be due and payable then because there are none? Because of the word incurred in Section C. They're due and payable as incurred. So the same way if they go into an event of default... As incurred upon demand. And this is the demand. I'm obviously just missing something. Well, let's put it this way. There's certainly no obligation to bill because in their... All I want to know is, I'm looking at this lease, the amounts are payable upon demand. And so your colleague says there was no demand. And you say, yes there was. There was a demand in July of 2011 and I don't understand how that can be the demand referred to in this section because there is nothing to be paid. The demand was made. There was a default. And after that demand, rent, for instance, would become due over time. I get it. I totally get how it applies to the rent. In the same way as attorney's fees would be incurred over time. And so all that's saying is once you've made the demand and you've triggered the default, which is the only condition proceeding, there's no question there was a default. This particular section is not a condition proceeding. It is a mere covenant. And even if it was a condition proceeding, the case in B&B would hold... Is that the one that says financial compliance is enough? No. In B&B, that was a case involving the exact same situation we have here, which was there was a default provision. The tenant did not strictly comply with it. And the court held that even though in that case, which was a true condition, it had if, if, if. In that case the court held that even though they didn't strictly comply with the condition, that they, the other side knew, like they do here... You can't possibly be citing that case to us. I mean, we've all been with this case for a long time. You won the first time because you persuaded us that under Maryland law, if it's a condition precedent, nothing but the strictest compliance will work. How is that not law of this case? First of all, it is, I understand, but now you're making a different argument based on B&P that even if it's a condition precedent under Maryland law, you don't actually need perfectly strict compliance. And I am baffled as to how you of all people can be making that argument to us. And the reason is because in NCO, when the term, what you were interpreting in NCO was the option of early termination. And in NCO, you were interpreting when the terms of an option imposed condition, when the terms of an option imposed conditions to the exercise, you must exactly match. And so an option is a privilege. And when you want to exercise a privilege, you've got to, you've got to meet exactly what it says. In B&B, it's a default provision and you lose a remedy. And in B&B, what they said was, even if it is a condition, and again, I don't think it is here. I think it's a covenant, so it doesn't matter. What happens when you lose a remedy, unlike a privilege, is that there's a disproportionate forfeiture. Under their argument, if we, and again, we think they're wrong because we're not, we're not obligated to bill it because it's not rent. They're misreading section 204 because 204 does not say all amounts, all amounts due under the lease other than base rent are additional rent. It doesn't say that. It says all rental obligations other than base rent are additional rent. Rental obligations are in Article 2. It's the base rent, it's the real estate, and it's the operating expenses. So there's no way in the world that attorney's fees as a remedial obligation are a rent obligation that has to be billed at a time. And I would argue that the NCO case and B&B are not inconsistent. They're perfectly consistent because what you're talking about in NCO1 was the exercise of an option, not the forfeiture of a remedy. B&B is on all fours with respect to a default provision, and that's why it's not all the case. It's a different provision, it's got different conditional language, and it's not a default provision, it's an option provision. And the Eldridge case, which this court relied upon in NCO, is a, it's an option case, not a default case. B&B is the default case. B&B says even if it's a condition, we still win. Again, I don't think you need to get there, because I don't believe that one phrase, payable upon demand, as it relates just to the interest, is anything other than a covenant. And here, Judge Russell, as a matter of fact, found, and again, he's afforded deference on a matter of fact, that this demand was sufficient, that they knew about the fees that were being incurred through both the complaint and through the discovery process. With actual knowledge and no prejudice to them, there's no reason in the world why we shouldn't be able to recover the fees that they agreed to pay, and that were hoisted upon us by the fact that they sued us, and we had to go through this for 14 years. And so with that, I know my time is up. I'm going to yield the floor to Mr. Goldberg, who will address the other issues, unless there's any other questions. Thank you. Mr. Goldberg. Thank you, Your Honor. NCO comes here and takes the position that our client is not entitled to the attorney's fees for which it has incurred because of the provision of the lease. And what we say is, well, regardless of how you deal with that issue, that issue's been waived. And that issue is NCO is judicially stopped from even asserting that. Now, why do I say that? I say that because NCO specifically advised the court, in this case, that and I'll read it to you. This is what NCO said. Under the party's lease, Montgomery Park is entitled to reasonable attorney's fees and expenses incurred in pursuit of its remedies, but not for the cost of defending against the overcharge claims, which I'll talk about in a minute. So, NCO specifically represented to the district court. Where did they say that? They said that is in JA-4-0-1. No, no, what paper was it? Was that a motion? Let me tell you the context in which this occurred. The context was as to when the attorney's fees issue was going to be resolved. And our client took the position that since it's a disputed provision in the lease, the claim for attorney's fees should be resolved at trial. NCO took a different position. NCO took the position that instead of resolving the attorney's fee claim as part of a trial, that it should be dealt with as a post-trial matter in which attorney's fees are dealt with. And in order to convince the court, they took the position in a letter, which I just read part of, and that letter is repeated on page 23 of NCO's opening brief and page 12 of their reply brief. What I just read to you is repeated. They took the position that the attorney's fee issue would be dealt with at the post-trial procedure because there was no issue about the obligation of NCO to pay attorney's fees. And they specifically said that. The context was when this issue came up as to when attorney's fees was going to be dealt with, Judge Russell passed the ball to Magistrate Judge Gessner. Judge Gessner heard the argument. The letter that I referred to and read to the court in which NCO admitted its obligation to pay attorney's fees was transmitted to Judge Gessner, and Judge Gessner ruled in favor of the NCO position. So what you have is a classic case of judicial estoppel. And in the United States Supreme Court case of New Hampshire v. Maine in 532 U.S. 742, the Supreme Court said when a party assumes a certain position in a legal proceeding, succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the presentness of the other party. The Supreme Court told us of three factors. One, a party's later position must be clearly inconsistent with its earlier position. Well, what can be more inconsistent than arguing to this court that Montgomery Park is entitled in no attorney's fees, and having said to Judge Gessner that we are entitled to attorney's fees? What can be more inconsistent than that? The second factor was whether a party succeeded in persuading the court to accept the party's earlier position. That's exactly what happened. Judge Gessner ruled that the attorney's fee issue would be in the manner in which NCO requested, as a post-trial matter, based upon their acknowledgment that we were entitled to attorney's fees, the only issue being the overcharge fees, which I'll get to in a minute. The third factor was whether the party asserting an inconsistent position would obtain an unfair detriment on the opposing party, if not a stop. Well, what could be a greater detriment than telling Judge Gessner one thing and completely changing its story and telling your honors a different thing? So, whether it be a waiver, whether it be a judicial estoppel, it doesn't matter. The NCO should not be entitled to come to this court and take the position, as it's stated twice in their brief, under the party's lease, Montgomery Park is entitled to reasonable attorney's fees and expenses incurred in pursuit of its revenues, but not for the cost of defending against NCO's overcharge claim. They're entitled to raise the overcharge claim, but how can they now say we're not entitled to attorney's fees? That's clearly a waiver, it's clearly a judicial estoppel. So, we respectfully believe that while this, the initial issue was very interesting, it plays no part in what this court should do, because NCO should not be entitled to tell Judge Gessner one thing and then tell your honors a completely different story, a completely different rationale. If they wanted to raise the point that we were not entitled to attorney's fees, then they should have adopted our position, that it's a matter of damages, and that's what we do. But that's not what they did. Did I understand that the issue, your position, was that it should have been part of the trial, and then the trial court during the trial would have resolved the interpretation of the lease. Exactly. And that's what our position was. Judge Gessner rejected it. That's fine. She rejected it because they represented, oh, there's no dispute about their entitlement to attorney's fees, you just have to deal with this overcharge issue, which is a reasonable issue. And they convinced Judge Gessner to do it, and that's fine, except they can't come to you now and say, oh, by the way, we reject what we said. As far as the overcharge claims are involved, the reason that that's even before the court is because NCO sued Montgomery Park initially in Pennsylvania, it eventually goes back to Maryland, but they raised the overcharge claims in their affirmative suit. Now, normally in most cases, they would not have sued Montgomery Park first, Montgomery Park would have sued them, and the overcharge claims would have been a defense that they would have raised to our counsel fees. So it's the same side of the same, two sides of the same coin. Whether they raised the issue first or whether they would have raised it second doesn't matter. In order to resolve this issue of reasonable What date did they file in Pennsylvania? Was it after the notice, the letter? Yes, they filed after the notice. So that was their response. And that's okay, I just wanted to know the sequence. So you sent the notice letter of July, was it July 13th, July 13th, 2011. Oh, I'm sorry. The default letter was after the lawsuit. Sequence is the other way around. So, what's the overcharge claim about? The overcharge claim is an attempt for NCO to claim that there was no default. They claimed that we had overstated the amount of rentable square feet in their lease, and that they had paid the amount that was caused to be due because we allegedly overcharged for the amount of square foot. If we had in fact overcharged for the number of square feet, then they may well have not defaulted. So the whole issue was whether there was a default under the lease because of whether we had overcharged them. That case went before Judge Russell. Judge Russell found there was no overcharge, and therefore we went back and pursued our counterclaim, including all of the square feet in which there was an issue, and we were awarded our attorney's fees. Well, whether they raised the subject as a claim by them as a complaint, or whether we raised the default issue as a claim for our attorney's fees, it doesn't matter. The issue was a common core of the same facts. The same facts would have had to come out whether they never sued Montgomery Park, and Montgomery Park simply sued them for the attorney's fees and for all of the rent. So the issue that we deal with is the same issue that we have looked at before, and that is that Montgomery Park incurred the attorney's fees to defeat the overcharged claim in order to prove that Montgomery Park was entitled to its attorney's fees because there had been a default under the lease. The third issue that I will deal with briefly relates to the claim for expert witness fees. The defense to the claim of expert witness fees per NCO is simply the words expert witness were not included in the fees and expense provision. I've seen that my time is up. I will simply refer the court to our brief with regard to that issue. Mr. Nichols. A few points, Your Honor. First of all, prior counsel's statement that Montgomery Park was entitled to attorney's fees for pursuing its remedies but not for defending the counterclaim, fairly viewed, Your Honor. Counsel was not saying to the court, hey, we're liable for the attorney's fees and we have no defenses to those attorney's fees, and we are hereby waiving any potential right to object to the attorney's fees. He was simply making the obvious remark that there's nothing in the lease that says the landlord gets attorney's fees for defending against a lawsuit brought by the tenant, whereas there is something in the lease, of course, that says the landlord can recover its attorney's fees. But we're saying, and I don't even deny that today, of course there is a provision whereby there are provisions for recovering the attorney's fees, but they just didn't comply with them here, Your Honor. They just didn't comply with them. The requirement that these attorney's fees be billed, the requirements that the attorney's fees be demanded from my client... And it says they announce the default, and then they say Montgomery Park reserves the right to pursue any and all legal or equitable rights or remedies available under the lease. Correct. Including, of course, attorney's fees. Yeah. And it seems to me, isn't that a demand? It is not a demand. They can't go any more particular because they haven't incurred them yet. Well, they have to be payable. They're not payable until they're incurred. That's right. And the demand... And they get incurred in a process. I mean, this is so common, attorney's fees. As a matter of fact, the rules provide usually that the attorney's fees are all determined in a separate proceeding after judgment. And apparently that was an issue in this case. And you guys persuaded the magistrate judge to really do it the way I think is the normal way. You address attorney's fees at the close of the case. Your Honor, there is no doubt... I mean, you might have won the case. You get no attorney's fees. That is possible. It didn't turn out that way. But again, Your Honor, it is crystal clear that this lease definitely says they are payable on demand. How can you pay something that you haven't been told what to pay? Is it just logically possible? Well, the question is a little flip, is while you're told that you're going to have to pay attorney's fees, how can they demand attorney's fees until they're incurred, which is exactly the criterion that the lease provides. It says attorney's fees incurred in enforcing a lease. That's right. And so it anticipates future incurrence of fees. And the amount obviously inherent in that can't be determined until they're incurred. And the problem is... There's not a problem, but that was followed through with not only this exchange that Mr. Goldberg talked about, but they were demanded in the complaint. There was a motion filed for attorney's fees. And it couldn't be clearer. They never waived the attorney's fees, and they were incurred as they went. And the amount couldn't be determined until the end. And actually, that was your position in the district court. Your Honor, the amounts could easily... The amount of the attorney's fees were known all along. They could have been periodically demanded. That's not required by the lease. Respectfully, we disagree. These are not payable unless they are demanded in bill to my client. They had to give my client a figure. They sent you a bill in the motion. The motion to collect attorney's fees, that was the bill. That contained bills from the lawyers to their self. Yes, to you. It told you, here's a bill for our attorney's fees. And the court awarded them. Your Honor, if that was a bill, I respectfully disagree because that didn't comply with the requirements of the lease. But if it was, we didn't fail to pay it until after those fees were awarded, I think in 2024. At the very... My client is being forced to pay over a million dollars in default interest on fees where they didn't ever make a demand. They made one demand that could have applied to fees before 2011. But after that, millions of dollars in fees were incurred and none of the procedures set forth in this lease and that are put in my brief at greater length were followed subsequent to July of 2011. That's why I was asking questions about the interest. And again, I couldn't really figure out from the affidavit how the interest calculations worked. But you're saying even if we were to assume that filing a motion for a sum of fees counts as a demand, that doesn't correlate to the way interest was charged in this case? Interest... To get default interest, they're supposed to bill it to the client. Okay, you're answering a different question, but that's all right. So you're explaining to me why the motion is not a demand. I'm saying what if the motion is a demand, how would that affect, in your view, how does that affect the interest award in this case? Then there would only be interest after we failed to pay those fees after an order was... And do you have any... Again, the affidavit is not transparent about this. Do you have any sense for what that delta looks like? How much... If that were right, if we assume, and I understand you disagree, that filing a motion for fees is enough to be a demand for fees, if interest had started running on that day, do you have any idea how much less interest you would owe? I don't, but it was filed in September of 2022, so it would have been about two and a half years of the total 1.1 million in default interest. So if you were talking about... It would be substantially smaller. It would be... It's a significant sum. And I am way over my time, Your Honor. Okay. Thank you very much. We'll come down and greet counsel. We've gotten to know you guys pretty well, but we'll still come down and greet you and proceed to the next case.
judges: Paul V. Niemeyer, Roger L. Gregory, Pamela A. Harris